UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.:_____

MONIKA SERRA, and others similarly-situated,

       Plaintiff,

v.

SOUTH FLORIDA CONTROLS INC., a Florida
corporation, and HECTOR HERNANDEZ,

_____/

## FLSA COMPLAINT

COMES NOW Plaintiff, MONIKA SERRA, by and through his undersigned attorney, hereby sues Defendant, SOUTH FLORIDA CONTROLS INC, a Florida corporation and HECTOR HERNANDEZ, an individual, (collectively referred to as "Defendants" or "the Employer" except when referred to individually), and as grounds alleges:

### JURISDICTION, PARTIES, VENUE

1. This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (§ 216 for jurisdictional placement) ("the FLSA").

2. This action is brought by Plaintiff to recover from the Employer claims for unpaid overtime, as well as an additional amount as liquidated damages, costs and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §§ 206, 207.

3. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

4.     The corporate Defendant, SOUTH FLORIDA CONTROLS INC, is a Florida corporation, which at all times material hereto, was doing business within the jurisdiction of Miami-Dade County, Florida, where Plaintiff was employed, and at all times material hereto was and is engaged in interstate commerce.

5.     The individual Defendant, HECTOR HERNANDEZ, is a resident of Miami-Dade County. The individual Defendant was or now is an owner/officer and/or director of the corporate Defendant. The individual Defendant, HECTOR HERNANDEZ, is an "employer," as defined in 29 U.S.C. § 203(d), as he has operational control over the Defendant corporation and is directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiff and opt-in plaintiffs. Moreover, he controlled the purse strings for the Defendant corporate entity and had operational control.

6.     Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Employer operates as an organization which sells and/or markets its services and/or goods and/or materials to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and the Employer obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer was at all times material

hereto in excess of $500,000.00 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the FLSA's requirements.

7. By reason of the foregoing, the Employer is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s) and/or Plaintiff was within interstate commerce.

8. Venue is proper in the Southern District of Florida because all the facts giving rise to this cause of action, took place in Miami-Dade County, Florida.

9. Plaintiff has complied with all conditions precedent to the bringing of this action or same have been waived or excused.

10. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## COUNT I
## UNPAID OVERTIME WAGES

11. Plaintiffs re-allege and re-aver paragraphs 1 through 10 as fully set forth herein.

12. Defendants employed Plaintiff as a "project coordinator" from approximately July 2017 through August of 2018 as a non-exempt employee. She was initially paid $16.00 an hour and through her employment was ultimately increased to $19.00 an hour. Plaintiff routinely worked overtime but was not paid overtime for hours worked in excess of forty (40) hours per week, as required by the Fair Labor Standards Act. The failure to pay these overtime hours resulted in an overtime violation.

13. The similarly-situated current and former employees are all those other employees who worked for Defendants and performed the same or similar duties as that of Plaintiff. Defendants were engaged in a pattern and practice where it intentionally failed to pay overtime wages to other employees. The similarly- situated employees were all victims of the same policy, pattern and/or practice.

14. Plaintiff routinely worked in excess of forty (40) hours per week.

15. Plaintiff was not paid overtime for hours worked in excess of forty (40) hours per week, as required by the Fair Labor Standards Act. The failure to pay these overtime hours resulted in an overtime violation. Plaintiff estimates his overtime damages as follows:

16. Defendants remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff is entitled to recover double damages.

17. At all times material hereto, Defendants failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Employer to properly pay him at the rate of time-and-a-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

18. Defendants intentionally failed to pay Plaintiff overtime wages and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendants failed to accurate keep time records to hide overtime violations. Defendants also failed to keep payroll records in order to hide the overtime violations. Defendants had knowledge of Plaintiff's work schedule and the amount of hours

Plaintiff worked in excess of forty per week. Employees complained about the lack of overtime pay and Defendants knew or should have known of the work performed by the Plaintiff and of their obligation to pay overtime wages to Plaintiff.

WHEREFORE, Plaintiff and those similarly-situated request compensatory and liquidated damages and reasonable attorney's fees and costs from the corporate Defendant, jointly and severally with the individual Defendant, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with the corporate and individual Defendants, jointly and severally, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT II
## INDIVIDUAL LIABLITY OF HECTOR HERNANDEZ

19. Plaintiffs re-allege and re-aver paragraphs 1 through 18 as fully set forth herein.

20. The individual Defendant, HECTOR HERNANDEZ, is an FLSA employer, as defined in 29 U.S.C. § 203(d), as he had operational control over the Defendant corporation and additionally was directly involved in decisions affecting employee compensation and hours worked by employees, such as Plaintiff. HECTOR HERNANDEZ also controlled the purse strings for the Defendant Corporation.

21. As an FLSA employer, HECTOR HERNANDEZ is jointly and severally liable to Plaintiff, together with the corporate Defendant.

WHEREFORE, Plaintiff and those similarly-situated request compensatory and liquidated damages and reasonable attorney's fees and costs from the individual Defendant, HECTOR HERNANDEZ, jointly and severally with the corporate Defendant, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury

**LAW OFFICE OF CHRISTOPHER F. ZACARIAS, P.A.**
*Counsel for Plaintiff*
5757 Blue Lagoon Drive, Suite 230
Miami, Florida 33126
Tel.: (305) 403-2000
Fax: (305) 459-3964

By: /s/ Christopher F. Zacarias
    Christopher F. Zacarias, Esq.
    Florida Bar No. 85609
    czacarias@zacariaslaw.com
    pleadings@zacariaslaw.com
    Rosendo A. Forns, Esq.
    Florida Bar No. 125391
    rosendo@zacariaslaw.com