UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

Case No. 1:18-cv-23624-RNS

MONIKA SERRA, and all others similarly situated,

    Plaintiff,

vs.

SOUTH FLORIDA CONTROLS, INC., a Florida corporation, and HECTOR HERNANDEZ,

    Defendants.

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendants South Florida Controls, Inc. ("SFC") and Hector Hernandez ("Hernandez") (collectively referred to at times as "Defendants"), through undersigned counsel, file their Answer and Affirmative Defenses to the Complaint ("Complaint") filed by Plaintiff Monika Serra ("Plaintiff") and state as follows:

1. Admitted for jurisdictional purposes only. Furthermore, denied that Defendants committed any wrongdoing or that Plaintiff is entitled to any relief whatsoever.

2. Denied that Plaintiff is a covered employee for purposes of the FLSA. As to the remaining allegations, without knowledge; therefore, denied.

3. Admitted for jurisdictional purposes only. Furthermore, denied that Defendants committed any wrongdoing or that Plaintiff is entitled to any relief whatsoever.

4. Admitted for jurisdictional purposes only. Furthermore, denied that Defendants

committed any wrongdoing or that Plaintiff is entitled to any relief whatsoever.

5. Admitted only that Hernandez is identified as a director of SFC. The remaining allegations are denied.

6. Admitted only that Plaintiff alleges this action arises under the laws of the United States and purports to bring this case as a collective action under 29 U.S.C. § 216(b). The remaining allegations are denied. Further, Defendants deny that Plaintiff or any other person is entitled to relief whatsoever.

7. Admitted for jurisdictional purposes only. Furthermore, denied that Defendants committed any wrongdoing or that Plaintiff is entitled to any relief whatsoever.

8. Admitted for venue purposes only. The remaining allegations are denied.

9. Denied.

10. Without knowledge; therefore, denied.

11. Defendants reallege and incorporate by reference herein their response to paragraphs 1 through 10 above.

12. Admitted only that Plaintiff was employed by SFC. The remaining allegations are denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Defendants reallege and incorporate by reference herein their responses to

paragraphs 1 through 18 above.

20. Denied.

21. Denied.

22. As to the prayers for relief of Plaintiff, Defendants deny that Plaintiff or any other person is entitled to any legal, equitable, or other relief whatsoever, including liquidated damages, attorneys' fees, costs and interest.

23. Each and every remaining allegations of the Complaint not specifically admitted or denied is hereby denied.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff is not entitled to claim or recover statutory overtime compensation from Defendants for the period during which she was employed as an exempt employee pursuant to the applicable provisions of the Fair Labor Standards Act ("FLSA") and all regulations promulgated thereunder.

### SECOND AFFIRMATIVE DEFENSE

The work that Plaintiff claims was not included in determining her total hours in the workweek for purposes of computing the overtime she alleges is due was negligible in amount and, hence, were *de minimis*.

### THIRD AFFIRMATIVE DEFENSE

Pursuant to 29 U.S.C. § 260, of the FLSA, without admitting that Defendants' acts or omissions giving rise to Plaintiff's action violated the FLSA, Defendants aver that the acts or omissions on their part, if wrong, were committed in good faith and that Defendants had reasonable grounds for believing that such acts or omissions were not a violation of the FLSA.

### FOURTH AFFIRMATIVE DEFENSE

Because Defendants acted in good faith at all times, Plaintiff is not entitled to liquidated damages.

## FIFTH AFFIRMATIVE DEFENSE

Pursuant to 29 U.S.C. § 259, without admitting that Defendants' acts or omissions giving rise to Plaintiff's action violated the FLSA, Defendants aver that such acts or omissions on their part, if wrong, were committed in good faith, in conformity with, and in reliance on written rulings or enforcement policies of the DOL.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel to the extent she seeks to contradict her prior express representations of her actual hours for SFC.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to set-off for all amounts overpaid to Plaintiff by SFC to which she was not otherwise entitled.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of avoidable consequences to the extent she seeks to contradict her prior express representations of her actual hours worked for SFC.

## NINTH AFFIRMATIVE DEFENSE

Pursuant to 29 U.S.C. § 254, Plaintiff's claims are barred as to all hours during which she was engaged in certain activities that were preliminary or postliminary to her principal activities.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from bringing this action for overtime wages in an amount in excess of that asserted in any records kept of her working time for Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for collective action are overly broad and unduly vague and do not adequately represent the class alleged in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Hernandez are barred because he did not exercise sufficient operational control over SFC or the terms and conditions of Plaintiff's employment and payment of compensation.

**WHEREFORE**, Defendants respectfully request the Court enter an order dismissing this action, awarding Defendants their reasonable attorneys' fees and costs, and granting such further relief as it deems just and proper.

Dated: September 25, 2018

**CAREY RODRIGUEZ MLIAN GONYA, LLP**
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Tel: (305) 372-7474
Fax: (305) 372-7475

By: */s/ David M. Levine*
Patrick E. Gonya, Jr. (FBN 100020)
Email: pgonya@careyrodriguez.com
Secondary: mmartucci@careyrodriguez.com
David M. Levine (FBN 84431)
Email: dlevine@careyrodriguez.com
Secondary: djuarez@careyrodriguez.com
Amy M. Bowers (FBN 105755)
Email: abowers@careyrodriguez.com
Secondary: service@careyrodriguez.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of the Court and served on all parties by the Florida Courts eFiling Portal, personal service, or another method permitted by law on September 25, 2018.

By: */s/ David M. Levine*
David M. Levine

Christopher F. Zacarias, Esq.
Law Office of Christopher F. Zacarias, P.A.
5757 Blue Lagoon Dr., Suite 230
Miami, Florida 33126
czacarias@zacariaslaw.com
pleadings@zacariaslaw.com
Tel.: (305) 403-2000